# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Robert L. Cartwright, )
                Movant, )
vs. ) No. 09-0367-CV-W-FJG
                                         ) Crim. No. 06-00383-02-CR-W-FJG
United States of America, )
                Respondent. )

## ORDER

Pending before the Court is movant's motion pursuant to 28 U.S.C. 2255 to vacate, set aside, or correct his sentence (Doc. No. 1). Defendant entered a guilty plea on May 22, 2007, and pled guilty to conspiracy to distribute fifty (50) grams or more of methamphetamine. On May 6, 2008, this Court entered final judgment against movant, and sentenced him to the statutory minimum of 120 months of imprisonment. Movant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on May 7, 2009.

Movant alleges three grounds for relief: (I) Ineffective Assistance of Counsel, (II) Denial of Due Process, and (III) Cruel and Unusual Punishment. As a threshold matter, the Court shall first determine whether movant's motion is timely.

Effective April 24, 1996, persons seeking relief under 28 U.S.C. § 2255 have a one-year period of limitation from the date on which their judgment is final, in which to file a § 2255 motion. See Clay v. United States, 537 U.S. 522, 524 (2003); 28 U.S.C. § 2255(f); Moore v. United States, 173 F.3d 1131, 1333 (8th Cir. 1999). Here, because movant did not file an appeal, the judgment became final when the deadline for movant to file a notice appeal expired (i.e., May 20, 2009). Movant filed his motion on May 7, 2009, which falls within one year of the date his judgment became final; therefore, the motion was timely. See Anjulo-Lopez v. U.S., 541 F.3d 814, 816 n. 2 (8th Cir. 2008) (citing Never Misses A Shot v. United States, 413 F.3d 781, 782 (8th Cir. 2005)).

The Court will not issue a certificate of appealability in this matter. A certificate of

appealability will be issued only if petitioner makes a substantial showing of the denial of a constitutional right and has indicated which specific issue or issues satisfy the showing required has been made. 28 U.S.C. § 2253(c)(2) and (3). Additionally, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.1 (1983)) (alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), movant has failed to meet this burden.

## JUDGMENT

Upon review of movant's 28 U.S.C. § 2255 motion (Doc. No. 1) and the government's response (Doc. No. 6), the Court hereby denies movant's request to vacate, set aside or correct the sentence herein. A §2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Sanders v. United States, 347 F.3d 720, 721 (8th Cir. 2003).

The Court believes the arguments set forth by the respondent present a thorough legal and factual analysis and adopts respondent's analysis and conclusions as its own by reference hereto. Movant's allegation of ineffective assistance of counsel lacked a factual basis to rebut the evidence on record, including Carl Cornwell's affidavit, and the Change of Plea hearing transcripts in which movant affirmed his belief that any mental impairments did not impede his ability to understand the charge against him or the decision to plead guilty. Similarly, the Court cannot accept movant's allegations that he was denied due process of law, as his claims of mental incompetency are not supported by facts or

evidence. Finally, movant's claim that he is subject to cruel and unusual punishment are outside the scope of a motion under 28 U.S.C. § 2255. The movant may challenge the execution of his sentence by filing a motion under 28 U.S.C. § 2241 in the judicial district having jurisdiction over the facility executing the sentence.

The issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted. For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed May 7, 2009, is hereby denied.

**IT IS SO ORDERED**.

Date: 01/13/10
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge